UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESMOND BAKER

      Petitioner,

v.                                        Case No. 8:04-cv-194-T-23EAJ

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

      Baker petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his conviction for first degree murder.  The response (Doc. 9) is supported by numerous exhibits ("Respondent's Exhibit ___").  The respondent concedes the timeliness of the petition.  Baker challenges his conviction on grounds of trial court error and ineffective assistance of counsel.

      A jury convicted Baker of first degree murder.  The state appellate court affirmed Baker's conviction and sentence in a per curiam decision without a written opinion.  Baker unsuccessfully petitioned for writ of certiorari in the United States Supreme Court.  Baker filed a state Rule 3.850 motion, which was denied following an evidentiary hearing and which denial was affirmed.  Baker's Section 2254 petition followed.

## EXHAUSTION AND PROCEDURAL DEFAULT

      The respondent correctly argues that ground one is both unexhausted and procedurally barred.  Before a federal court may grant habeas relief to a state prisoner,

a federal habeas petitioner must exhaust available state court remedies for challenging

his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C.

§ 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "[T]he state

prisoner must give the state courts an opportunity to act on his claims before he

presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel,

526 U.S. at 842.  See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003)

("A state prisoner seeking federal habeas relief cannot raise a federal constitutional

claim in federal court unless he first properly raised the issue in the state courts.")

(citations omitted).  A federal habeas petitioner "shall not be deemed to have exhausted

the remedies available in the courts of the State . . . if he has the right under the law of

the State to raise, by any available procedure, the question presented."  Pruitt v. Jones,

348 F.3d 1355, 1358 (11th Cir. 2003).  A state prisoner "'must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process,' including review by the state's court

of last resort, even if review in that court is discretionary."  Pruitt v. Jones, 348 F.3d at

1358-59 (quoting O'Sullivan v. Boerckel, 526 U.S. at 845).

    "The teeth of the exhaustion requirement comes from its handmaiden, the

procedural default doctrine."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state

remedies that are no longer available, that failure is a procedural default which will bar

federal habeas relief, unless either the cause and prejudice or the fundamental

miscarriage of justice exception is applicable."  Smith v. Jones, 256 F.3d at 1138.  To

establish cause for a procedural default, a petitioner "must demonstrate that some

- 2 -

objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). See also Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. Henderson v. Campbell, 353 F.3d at 892; Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray v. Carrier, 477 U.S. at 495-96; Henderson v. Campbell, 353 F.3d at 892. "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

**Ground One**

Baker contends the trial court erred in denying his motion to suppress his confession.  This claim was raised and rejected on direct appeal.[1]  (Respondent's Exhibit 2).  However, Baker presented the claim in state law terms only and failed to allege a violation of his federal constitutional rights.  A petitioner must exhaust the claims presented in a federal habeas corpus petition in the state courts before asserting those claims in a Section 2254 petition.  28 U.S.C. § 2254(b)(1); McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005).  To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim.  Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004).  A petitioner must present his claim to the state court so that the state court has the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim."  Kelley v. Sec'y for Dep't of Corr., 377 F.3d at 1344 (quoting Picard v. Connor, 404 U.S. 270, 277 (1971)).  See also Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).  The prohibition against raising non-exhausted claims in federal court extends to both broad legal theories of relief and specific factual contentions that support relief.  Kelley v. Sec'y for Dep't of Corr., 377 F.3d at 1344.

---

[1] Baker also presented this claim in his petition for writ of certiorari in the United States Supreme Court.  (Respondent's Exhibit 7).  However, this presentation fails to satisfy the exhaustion requirement.  See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Baker failed to present the federal dimension of ground one to the state court at trial or on direct appeal.  Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. at 845.  A federal court cannot grant a habeas petition by a state prisoner unless the petitioner has exhausted his available state court remedies.  Snowden v. Singletary, 135 F.3d at 735.  Baker's state law arguments presented at trial in his motion to suppress and on direct appeal do not satisfy the exhaustion requirement.  Duncan v. Henry, 513 U.S. at 365.  See also Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim on a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'").  Ground one is not exhausted for purposes of federal review.

However, Baker cannot raise this claim in state court on federal grounds because the claim is procedurally barred.  Because Baker could have raised and preserved a federal constitutional claim on direct appeal, he was precluded from doing so collaterally in a Rule 3.850 motion.  See e.g., Childers v. State, 782 So.2d 946, 947 (Fla. 4th DCA 2001) ("The law is clear that where an issue could have been raised on direct appeal, it is not the proper subject for a Rule 3.850 motion.") (citations omitted).  Baker's federal claim is procedurally barred from review in the state courts.  See Fla. R. Crim. P. 3.850(b).

Baker presents no argument to demonstrate cause or prejudice that would excuse his default.  Baker has neither alleged nor shown that the fundamental miscarriage of justice exception applies.  Because Baker fails to proffer specific facts showing an exception to procedural default, Hill v. Jones, 81 F.3d 1015 (11th Cir. 1996), ground one is procedurally barred.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.

- 6 -

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one."  Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Baker's conviction and sentence were affirmed on direct appeal in a per curiam decision without a written opinion (Respondent's Exhibit 5), and the denial of his Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another per curiam decision without a written opinion (Respondent's Exhibit 14).  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Baker has the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, a presumption of correctness attaches to the finding of fact in the trial court's rejection of Baker's post-conviction claims of ineffective assistance of counsel (Orders Denying Motion for Post-Conviction Relief, Respondent's Exhibit 10 at 41-44; 89-93).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Baker claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial,

> a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct.
> 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Strickland v. Washington, 466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Baker must demonstrate that counsel's error prejudiced the defense.  Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Baker must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91.  Baker cannot meet the burden of Strickland by showing that the avenue chosen by counsel proved ineffective:

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

As stated above, Baker must prove that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State

- 10 -

court proceeding." 28 U.S.C. § 2254(d). Consequently, the state court's determination

of each of Baker's claims largely governs review of those same claims.

**Ground Two**

Baker alleges his trial counsel rendered ineffective assistance by conceding in

the opening statement and closing argument that Baker committed a homicide. Baker

presented this claim to the state court in his Rule 3.850 motion. Following an

evidentiary hearing, the state court denied relief as follows:

> Defendant's allegations are based on ineffective assistance of counsel.
> To successfully argue a claim of ineffective assistance of counsel,
> Defendant must prove that counsel's performance was deficient and that
> deficiency caused Defendant to suffer prejudice. See Strickland v.
> Washington, 466 U.S. 668 (1984). To satisfy the prejudice test the
> Defendant must show that a reasonable probability exists that the
> outcome would have been different absent the ineffective assistance. See
> id.; Haliburton v. Singletary, 691 So.2d 466 (Fla. 1997).
>                                    . . .
> Defendant alleges that counsel was ineffective "when, in opening
> statement and during closing argument at trial, she conceded that Mr.
> Baker committed the homicide for which he was accused," without
> Defendant's permission.
>
> At the evidentiary hearing, Defendant stated that counsel visited him at the
> jail about three or four times to discuss the case. He testified that he did
> not engage in conversation with counsel regarding a trial strategy to admit
> to lesser-included offenses. He further stated that while in jail awaiting
> trial and during the trial he was in a "void" and did not comprehend what
> was happening. However, he testified they did discuss his version of the
> events and potential witnesses that would testify against him.
>
> Counsel testified that during her visits with Defendant he seemed
> apathetic and quiet and she felt like she was "talking at him" and not
> talking with him. Regardless of Defendant's behavior, counsel knew a trial
> strategy needed to be devised and she continued to engage in
> conversations with him. She further stated that Defendant told her that her
> offense was based on an accident. Counsel testified that due to the
> evidence against Defendant the contemplated trial strategy was to
> convince the jury that Defendant was guilty of less[er]-included offenses.

- 11 -

As such, this strategy was discussed with Defendant. Counsel conceded she could not specifically recall that Defendant agreed to the tactic, but she stated if Defendant had objected then another strategy would have been crafted. Thus, since this strategy was utilized, counsel surmised that Defendant did agree to the strategy.

The Court finds counsel's testimony to be credible and that, after engaging in discussions with Defendant and attempting to devise a trial strategy, an agreement was reached to employ a tactic that conceded guilt to a lesser-included offense. The Court finds this was a tactic devised by counsel and agreed to by Defendant. See Atwater v. State, 788 So.2d 233 (Fla. 2001); Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995); Harris v. State, 768 So.2d 1179 (Fla. 4th DCA 2000). The Court finds Defendant has not proven that counsel's performance was deficient and this claim is denied.

(Respondent's Exhibit 10 at 90-91) (court's citations to exhibits omitted). The state court correctly recognized that Strickland governs Baker's ineffective assistance of counsel claim. Consequently, Baker cannot meet the "contrary to" test in Section 2254(d)(1). Baker instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Baker presents no evidence of entitlement to relief. See Hill v. Lockhart, 474 U.S. 52 (1985) (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). The record supports the state court's denying this claim and Baker offers no facts or legal authority to support his allegations.[2] Baker fails his burden of proving that the state court's

---

[2] Baker did not file a supporting memorandum of law with his Section 2254 petition.

determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Ground Three**

Baker alleges his trial counsel rendered ineffective assistance for failing to conduct an adequate pre-trial investigation.  Baker contends counsel was deficient by failing to retain a psychiatric or psychological expert to evaluate Baker's mental capacity and ability to knowingly waive his right to remain silent.  Baker presented this claim to the state court in his Rule 3.850 motion.  Following an evidentiary hearing, the state court denied relief as follows:

> Defendant contends that counsel failed to retain a psychiatrist or psychologist for the motion to suppress hearing to render an expert opinion on Defendant's mental capacities and his ability "to knowingly and voluntarily waive his constitutional right to remain silent during police interrogation."

> The record demonstrates the denial of the motion to suppress was raised on direct appeal and, subsequently, affirmed.  However, Defendant's claim is that counsel's performance was ineffective by failing to retain a psychiatrist or psychologist to render an expert opinion.  Defendant states the Court inquired if counsel planned to call a "psychiatrist, psychologist or expert to testify" and counsel responded negatively.  The record demonstrates Defendant's mother testified as to Defendant's general mental health, but no expert testified.

> At the evidentiary hearing, counsel testified [she] was appointed as a conflict attorney and, thus, inherited the file from the Public Defender.  When discussing the case with the Public Defender, counsel stated she was advised that a psychological evaluation was conducted of Defendant.  But, since that evaluation was not favorable to Defendant a written report was not rendered.  Based on that information, counsel did not seek to have another evaluation conducted or seek to employ an expert.  Counsel did state Defendant's mother informed her of Defendant's emotional problems and past counseling.  To present this evidence at the suppression hearing, counsel called the mother as a witness.

Counsel further stated the decision not to procure a second expert was based on the fact the information would not be beneficial to Defendant. Counsel conceded she did not know the specific factors the first expert evaluated or what was unfavorable to Defendant and that an expert would have been helpful in the case.  But, counsel also stated she did not want to risk placing unfavorable evidence regarding Defendant before the jury.

The facts in this case are similar to Ferguson v. State, 593 So.2d 508, 510 (Fla. 1992).  In Ferguson, the Florida Supreme Court held that although counsel did not exhaust all available sources of information, counsel did engage a tactical decision not to pursue a mental health expert since the expert "would have opened the door to damaging testimony."

The Court finds counsel's testimony [o]n this issue to be credible. Counsel was advised that Defendant's initial mental health evaluation, conducted by the Public Defender, did not produce information favorable to Defendant.  As such, counsel decided not to pursue a mental health expert.  However, counsel did interview family members and presented their testimony for the Court's consideration.  Moreover, the testimony revealed that Defendant was never diagnosed with a mental illness.

Similar to Ferguson, the Court finds that although counsel may not have exhausted all avenues of information, she did interview family members and present their testimony of defendant's mental and emotional issues to the Court.  The Court further finds counsel made a tactical decision not to pursue to [sic] a mental health expert in order to prevent information that may have undermined Defendant's case from being introduced to the jury. Based on the foregoing reasons, the Court finds Defendant has not proven that counsel's performance was deficient and the claim is denied.

(Respondent's Exhibit 10 at 91-92) (court's citations to exhibits omitted).

Counsel's decision to consult a mental health expert is a matter of strategy.  "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995).  Baker fails to refute the state court's finding that counsel was not deficient for foregoing the advice of a second mental health expert.  See Haliburton v. Sec'y Dep't of Corr., 160 F. Supp. 2d 1382, 1391 (S.D. Fla. 2001) (denying ineffective assistance of

counsel claim based on counsel's failure to call mental health expert because mental

health evidence would have been damaging to the case).  Baker does not assert that he

suffered from any particular mental infirmity or that he did not knowingly and voluntarily

waive his right to remain silent during questioning by police.  "Even if many reasonable

lawyers would not have done as defense counsel did at trial, no relief can be granted on

ineffectiveness grounds unless it is shown that no reasonable lawyer, in the

circumstances, would have done so."  Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.

1994).  Baker fails to establish the trial court's denying this claim of ineffective

assistance was either contrary to or an unreasonable application of Strickland or

resulted in a decision that is based on an unreasonable determination of the facts.

**Ground Four**

Baker contends his trial counsel rendered ineffective assistance by failing "to

educate and advise [Baker] of the necessity [of] his testimony at trial."  Baker presented

this claim to the state court in his Rule 3.850 motion.  The state court denied relief as

follows:

> Defendant alleges counsel was ineffective for failing to "educate and
> advise her client of the necessity for his testimony at trial."  The record
> shows that the Court advised Defendant of his right to testify and informed
> Defendant that it was his decision whether or not to take the stand.  The
> correct advice from the Court takes precedent over alleged misadvi[c]e
> from counsel, and Defendant received correct advice from the Court and
> any alleged misadvi[c]e given by counsel is moot.  See Johnson v. State,
> 736 So.2d 713, 714 (Fla. 2d DCA 1999); Bond v. State, 695 So.2d 778,
> 779 (Fla. 1st DCA 1997).  The Court finds the record conclusively refutes
> Defendant's claim and it is denied.

(Respondent's Exhibit 10 at 43-44) (court's citations to exhibits omitted).  Baker

presents no evidence of entitlement to relief.  See Tejada v. Dugger, 941 F.2d at 1551

- 15 -

(vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  The record supports the state court's denial of this claim.  At trial, the court questioned Baker as follows:

> THE COURT:  Now, is he going to testify?
>
> TRIAL COUNSEL:  No.  But I want you to talk t[o] him.
>
> THE COURT:  To make sure he understands?
>
> TRIAL COUNSEL:  Uh-huh.
>
> THE COURT:  Take the jury out, please.
>
> THE BAILIFF:  The jury is outside the hearing of the Court, Your Honor.
>
> THE COURT:  Mr. Baker, you can remain seated.  While we had a little talk here, [trial counsel] has indicated to me that she is not going to put on any witness testimony during the trial which is telling me that you are not going to testify during the trial.  Do you understand, Mr. Baker, that you have a right to testify on your own behalf if you want to, it is up to you; do you understand that?
>
> THE DEFENDANT:  Yeah.
>
> THE COURT:  And if you want to testify, we can't stop you; do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  On the other hand, if you don't want to testify, then we can't make you; do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And after consulting with [trial counsel], you made the decision that you don't want to testify in front of this jury; is that correct?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Okay.  This is your decision?  Let the record reflect the Defendant is shaking his head yes.  That's fine.

TRIAL COUNSEL:  He's answering out loud.

THE COURT:  Okay.  And he answered out loud.  Thank you, sir.  Based on my discussions with the Defendant and his responses, I'm ruling at this point that he has voluntarily made the decision not to give testimony during this trial.

(Respondent's Exhibit 1 at 305-07).

Baker neither presents evidence to refute the trial court's finding nor demonstrates that his testimony was a "necessity" that would have affected the outcome of the trial.  Baker fails his burden of presenting clear and convincing evidence to overcome the presumption of correctness of the trial court's finding that he was advised of his right to testify but chose not to testify.  See 28 U.S.C. § 2254(e)(1). Baker fails to establish that the trial court's denying this claim was either contrary to or an unreasonable application of Strickland or resulted in a decision that is based on an unreasonable determination of the facts.

Accordingly, Baker's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Baker and close this action.

ORDERED in Tampa, Florida, on August 14, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE